**HUA YAN, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 05–70495.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2007.

Filed Nov. 21, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–p.

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Armin A. Skalmowski, Alhambra, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robert J. Raymond, U.S. Department of Justice, Washington, DC, for Respondent.

Before: FARRIS and PAEZ, Circuit Judges, and BLOCK,** District Judge.

### MEMORANDUM ***

Hua Yan petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his application for asylum, withholding of removal and relief under the Convention Against Torture. Since the BIA adopted, without opinion, the decision of the Immigration Judge ("IJ"), "we review the decision of the IJ as the final agency determination." *Smolniakova v. Gonzales,* 422 F.3d 1037, 1044 (9th Cir. 2005).

The IJ denied all relief based solely on an adverse credibility determination, citing perceived "inconsistencies and implausibilities" that left him "with the impression that the respondent [was] not providing truthful evidence about all the necessary elements of [his] story." The IJ also relied on a negative assessment of Yan's demeanor.

We recently summarized the standards governing our review of such a determination as follows:

** The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We review adverse credibility determinations for substantial evidence and reverse only if the evidence compels a contrary conclusion. Although this standard is deferential, the IJ or BIA must identify specific, cogent reasons for an adverse credibility finding, and the reasons must be substantial and legitimately connected to the finding. This means that the reason identified must strike at the heart of the claim for asylum.

Minor inconsistencies that do not relate to the basis of an applicant's alleged fear of persecution, or go to the heart of the asylum claim do not generally support an adverse credibility finding. An IJ must also afford petitioners a chance to explain inconsistencies, and must address these explanations. Finally, an IJ may not base adverse credibility determinations on speculation or conjecture not supported by evidence in the record. We independently review each ground the IJ cites in support of an adverse credibility finding.

*Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006) (citations, internal quotation marks and alterations omitted).

■ Applying those standards, we conclude that the IJ's adverse credibility determination is not supported by substantial evidence. At the heart of Yan's claim is his testimony that he was arrested, detained, interrogated and beaten because of his brother's association with Falun Gong. The only inconsistency directly related to that incident was a discrepancy as to whether a police officer had given Yan a bloody nose or *vice versa.* As the IJ himself noted, this inconsistency was "minimal"; nothing in the record suggests that it was anything other than what Yan claimed it was—a mistake.

■ The other perceived inconsistencies and implausibilities are similarly problematic. Some—such as the amount Yan claimed he paid to a "snakehead" to smuggle him out of China and the cost of a previous trip to South Africa—do not go to the heart of Yan's claim. Others—such as Yan's ability to obtain a passport and visas to other countries, and the authorities' failure to seize the passport when searching for Yan's brother—are based on speculation and conjecture. *Cf. Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004) (rejecting credibility determination based on "personal conjecture about the manner in which Indian passport officials carry out their duties"); *Singh v. INS,* 292 F.3d 1017, 1024 (9th Cir.2002) ("As for the IJ's assumptions about what the motives of the police should have been, they are the sort of conjecture and speculation that cannot be used to support an adverse credibility determination.").

Although we give "special deference to a credibility determination that is based on demeanor," *Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999) (citation and internal quotation marks omitted), we conclude that the IJ's assessment of Yan's demeanor is insufficiently specific to support his adverse credibility determination. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 686 (9th Cir.2003) ("It is improper for the IJ to have made '[g]eneralized statements that do not identify specific examples of evasiveness or contradiction in the petitioner's testimony.'" (quoting *Garrovillas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1998))). We are left with the distinct impression that the IJ's apparent dissatisfaction with some of Yan's responses was the result, not of lack of candor on Yan's part, but of lack of patience on the IJ's part. *Cf. Garrovillas,* 156 F.3d at 1014 ("Our review of the record does reveal that the IJ frequently expressed frustration at Garrovillas's responses, but these instances are better explained by language barriers, interpreter problems, and pervasive antagonism on the part of the IJ than by

any evasiveness on the part of Garrovillas.").

Because they relied solely on an adverse credibility determination, neither the BIA nor the IJ addressed whether Yan's claim satisfied the legal standards for asylum and related relief. Therefore, we remand to the BIA for further proceedings to determine whether, accepting his testimony as credible, Yan is eligible for such relief. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."). Because we remand, we need not address the Attorney General's argument that we lack jurisdiction to deem Yan eligible for asylum and related relief.

**PETITION FOR REVIEW GRANTED AND REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.